1  Michael Partos, State Bar No. 143845
   mpartos@cozen.com
2  Brett N. Taylor, State Bar No. 274400
   btaylor@cozen.com
3  COZEN O'CONNOR
   601 South Figueroa Street
4  Suite 3700
   Los Angeles, CA  90017
5  Telephone: 213.892.7900
   Facsimile: 213.892.7999
6
   Attorneys for Defendants USPLABS, LLC,
7  GNC CORPORATION, and VITAMIN
   WORLD, INC. and Specially Appearing
8  Defendants JONATHAN VINCENT
   DOYLE, JACOB GEISSLER, USPLABS
9  OXYELITE, LLC and USPLABS
   OXYELITE PN, LLC
10

11              UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13

14  JAIME FRANCO,                    | Case No.: 2:14-cv-00592-R-JCG

15          Plaintiff,               | [Assigned for all purposes to Honorable
                                     | Manuel L. Real, Courtroom 8 – 2nd
16      vs.                          | Floor]

17  USPLABS, LLC, JONATHAN           | **STIPULATED PROTECTIVE**
18  VINCENT DOYLE (an individual),   | **ORDER**
    JACOB GEISSLER (aka JACOBO
19  GEISSLER) (an individual), USPLABS
    OXYELITE, LLC, USPLABS
20  OXYELITE PN, LLC, GNC
    CORPORATION, VITAMIN WORLD,
21  INC. and DOES 1-500, Inclusive,

22          Defendants.

23

24

25

26

27

28
                              1

IT IS HEREBY STIPULATED AND AGREED by and between the Parties executing this stipulation, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. **SCOPE:** This Order governs the handling of all documents, testimony and information produced, given or filed herein by any party and designated as "CONFIDENTIAL." A party designating such documents, testimony or information as "CONFIDENTIAL" is herein referred to as a DESIGNATING PARTY.

2. **CONFIDENTIAL INFORMATION:** A DESIGNATING PARTY may designate as "CONFIDENTIAL" any document, testimony or information the DESIGNATING PARTY believes in good faith to contain confidential, personal, business, financial, trade secret or other proprietary information by conspicuously writing, typing or stamping on the face of such document, answer or transcript the word "CONFIDENTIAL" or by otherwise notifying all counsel in writing, and, in the case of deposition transcripts and exhibits, also the court reporter. Any documents, testimony or information designated as "CONFIDENTIAL" by a DESIGNATING PARTY is herein referred to as CONFIDENTIAL INFORMATION.

3. **CHALLENGES:**

    3.1   Should any party object to the designation of a document, testimony or information as "CONFIDENTIAL," such party may apply to the Court, after giving the DESIGNATING PARTY reasonable notice thereof and making good faith efforts to resolve the dispute informally, for a ruling that the CONFIDENTIAL INFORMATION shall not be so treated. Until this Court enters an

1  Order, if any, changing the designation of the CONFIDENTIAL
2  INFORMATION, such CONFIDENTIAL INFORMATION shall
3  be treated by all parties in accordance with this Order.
4  3.2  Except upon further Order of this Court or as required by law,
5  CONFIDENTIAL INFORMATION shall be disclosed only to
6  the Court, counsel of record for the parties (and their
7  administrative staffs on a "need to know" basis), the parties,
8  their insurance carriers and consulting or testifying experts
9  retained by the parties (the "PERMITTED RECIPIENTS").
10  **4.**  **USE:**
11  4.1  All CONFIDENTIAL INFORMATION shall be used solely for
12  the preparation for and use at the trial of this action and shall not
13  be used or disclosed by any receiving person for any other
14  purpose, including any commercial or business purpose.
15  4.2  Counsel of record in this litigation receiving CONFIDENTIAL
16  INFORMATION shall be allowed to disclose them or their
17  contents to any other person only upon order of the Court or
18  upon receipt of written permission from opposing counsel
19  granting such disclosure.
20  4.3  Counsel may permit expert(s) hired by any party in
21  anticipation of litigation to review CONFIDENTIAL
22  INFORMATION, but counsel must first obtain from each
23  expert a written statement confirming the expert's agreement to
24  comply with every element of this Protective Order. Said
25  expert shall agree that the CONFIDENTIAL INFORMATION
26  shall not be disclosed to any other person and said documents
27  shall not be photocopied or reproduced by any other means.
28

3

STIPULATED PROTECTIVE ORDER

**5.** **CLAW-BACK:**

5.1 The inadvertent production by any of the undersigned Parties or non-Parties to this action of any document, testimony or information during discovery in this action without a "CONFIDENTIAL" designation, shall be without prejudice to any claim that such item is "CONFIDENTIAL" and such Party shall not be held to have waived any rights by such inadvertent production.

5.2 In the event that any document, testimony or information that is subject to a "CONFIDENTIAL" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject document, testimony or information designated as "CONFIDENTIAL" (the "INADVERTENT PRODUCTION NOTICE"). Upon receipt of such INADVERTENT PRODUCTION NOTICE, the Party that received the inadvertently produced document, testimony or information shall promptly destroy the inadvertently produced document, testimony or information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such document, testimony or information to counsel for the producing Party and shall retain only the designated CONFIDENTIAL MATERIAL.

5.3 This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of documents, testimony or information, such law shall govern.

STIPULATED PROTECTIVE ORDER

**6. <u>NO WAIVER</u>:**

      6.1   Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege and materiality.

      6.2   Notwithstanding the foregoing provision, this Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any CONFIDENTIAL INFORMATION, and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility at trial of any evidentiary material.

**7.   <u>FILING</u>:**

      7.1   If CONFIDENTIAL INFORMATION is filed in this action, it shall be filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

      7.2   Upon receiving such filing, the Clerk of Court shall file said documents under seal.

**8.   <u>RETURN</u>:** All CONFIDENTIAL INFORMATION, and all copies of CONFIDENTIAL INFORMATION, shall be returned to counsel for the DESIGNATING PARTY, or destroyed, within thirty (30) days of the conclusion of this action, whether by dismissal, settlement or entry of judgment. All CONFIDENTIAL INFORMATION so returned shall be accompanied by an affidavit of the returning counsel attesting to the fact that no copies have been retained and that any and all copies known to them have been destroyed.

STIPULATED PROTECTIVE ORDER

**9.    MISCELLANEOUS:**

9.1    This Order may be modified by further order of this Court or by agreement of counsel for the parties, subject to the approval of the Court, provided that any such agreement be memorialized in the form of a stipulation that shall be filed with the Clerk and made a part of the record in the case.

9.2    If any person subject to this Order who has custody of any CONFIDENTIAL INFORMATION receives a subpoena or other process from any government or other person or entity demanding production of CONFIDENTIAL INFORMATION, the recipient of the subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the DESIGNATING PARTY, and shall furnish such counsel with a copy of the subpoena. Upon receipt of this notice, the DESIGNATING PARTY may, in its sole discretion and at its own cost, move to quash or limit the subpoena, otherwise oppose production of the CONFIDENTIAL INFORMATION, and/or seek to obtain confidential treatment of such CONFIDENTIAL INFORMATION from the subpoenaing person or entity to the fullest extent available under law. The recipient of the subpoena may not produce any CONFIDENTIAL INFORMATION pursuant to the subpoena prior to the date specified for production on the subpoena.

9.3    This Order shall continue to be binding after the conclusion of this action and all subsequent proceedings arising from this action, except that a Party may seek the written permission of the DESIGNATING PARTY or may move the Court for relief from the provisions of this Order. To the extent permitted by law, the Court shall retain jurisdiction

STIPULATED PROTECTIVE ORDER

1    to enforce, modify, or reconsider this Order, even after the action is

2    terminated.

3    9.4    After this Order has been signed by counsel for all Parties, it shall be

4    presented to the Court for entry. Counsel agrees to be bound by the

5    terms set forth herein with regard to any CONFIDENTIAL

6    INFORMATION that has been produced before the Court signs this

7    Order.

8    Upon entry, the Clerk is directed to send certified copies of this Order to all

9    counsel of record.

10   Dated: July 22, 2014                    COZEN O'CONNOR

11

12                                           By: /s/ Michael Partos
                                             Michael Partos
13                                           Attorneys for Defendants USPLABS, LLC,
                                             GNC CORPORATION and VITAMIN
14                                           WORLD, INC. and Specially Appearing
                                             Defendants JONATHAN VINCENT
15                                           DOYLE, JACOB GEISSLER, USPLABS
                                             OXYELITE, LLC and USPLABS
16                                           OXYELITE PN, LLC

17   Dated: July 22, 2014                    ANDREWS & THORNTON

18

19                                           By: /s/ Sean T. Higgins
                                             ANNE ANDREWS, SBN 103280
20                                           aa@andrewsthornton.com
                                             JOHN C. THORNTON, SBN 84492
21                                           jct@andrewsthornton.com
                                             SEAN T. HIGGINS, SBN 266888
22                                           shiggins@andrewsthornton.com
                                             2 Corporate Park, Suite 110
23                                           Irvine, CA  92606
                                             Telephone:    949-478-1000
24                                           Facsimile:    949-315-3540
                                             Attorneys for Plaintiff

25

26

27

28

STIPULATED PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>ORDER</u>

GOOD CAUSE APPEARING, the Court hereby approves this Stipulated Protective Order.

SO ORDERED THIS  26th DAY OF August, 2014.

By: _____
HONORABLE MANUEL L. REAL
DISTRICT COURT JUDGE

LEGAL\20248864\1 00577.0001.000/349155.000

Case No.: 2:14-cv-00592-R-JCG
Order on Stipulated Protective Order

8
STIPULATED PROTECTIVE ORDER